### ISAAC WINSLOW *versus* EMILY JANE ALLEN.

The levy of an execution upon land bounded on a highway carries the fee in the land covered thereby to the centre of it, if the debtor is the owner of the land, and there is no controlling language in the description.

In the description of land taken on execution, where one line is described as starting at a certain monument and running a given course to the road, "leaving four rods for said road," thence in the same course to a monument, and the line parallel with this, is described in a similar manner, the road is not included.

THIS was an action of TRESPASS *quare clausum* submitted ON FACTS AGREED, which are sufficiently stated in the opinion.

*E. & F. Fox*, for plaintiff.

*Fessenden & Butler*, for defendant.

The language of the appraisers refers to the *easement* and not to the *fee* of the land embraced in the road.

The lines are described as running not to the *sides* of the road, but *to the road*.

This language in a deed, and, therefore, in a levy, carries the fee to the centre of the road. *Johnson* v. *Anderson*, 18 Maine, 76.

The opinion of the Court was drawn up by

TENNEY, C. J.—The close alleged to have been broken and entered, and the trees thereon standing cut and carried away, is covered by a highway four rods in width, and legally located. The question presented, is whether the levy extends over the highway.

It is well settled, that a grant of land, bounded on a highway, carries the fee in the land covered thereby to the centre of it, if the grantor was the owner of the land, and there is no controlling language in the description. *Johnson* v. *Anderson & al.*, 18 Maine, 76. The same principle will equally apply to an extent upon real estate, by the levy of an execution.

In the case before us, the debtor, in the execution under which the levy was made, was the owner in fee of the premises in question; and this might have been taken and set off thereon, subject to the public easement.

The description of the land taken upon the execution is as follows:—" Commencing at a certain stone at the intersection of the old road leading into Westbrook, by the Methodist meeting house, with the said county road leading to Gray, thence S. 60° W. 15 rods, thence S. 76° W. eleven rods and 5 links, thence S. 25° E. 42 rods and 21 links, to the county road leading to Westbrook, leaving 4 rods for said road, thence S. 25° E. 4 rods and 17 links, thence N. 55° E. 31 rods to said county road leading to Gray, thence N. 31½° W. 4 rods and 17 links to said county road leading to Westbrook, leaving 4 rods for said road, thence N. 30½° W. 42 rods, to the first mentioned bounds."

The import of the language, according to its ordinary use, is plain and free from ambiguity and doubt. One of the lines is on a course S. 25° E. *to the* county road leading to Westbrook, *leaving 4 rods for a road, thence, on the same course,* for a further distance. Another line, run in a direction somewhat opposite to those just mentioned, is, as a course stated, 4 rods and 17 links in length to said county road, leading to Westbrook, *leaving 4 rods for said road, thence, on the same course, &c.* This cannot be treated as manifesting the intention of the appraisers to embrace in the description the land covered by the highway, but to exclude it. If the former was the design, there was no necessity of dividing the lines running on the same course, each into two parts. But, upon the latter hypothesis, the lines terminated at the line of the highway and a new departure commenced at the distance of four rods, " *leaving*" the space between as making no portion of the land intended to be covered by the levy.

The case of *Johnson* v. *Anderson & al.*, before cited, is not perceived to be analagous to the one before us, as it is very clear that the latter is one where the road was designed by the parties to be excluded, but in the former it was other-

wise, under well settled principles. This case is more like that of *Tyler* v. *Hammond*, 11 Pick., 193.

According to the agreement of the parties, the defendant defaulted.

RICE, APPLETON, DAVIS, and KENT, JJ., concurred.

GOODENOW, J., dissented.